**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK METZLER, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| *Plaintiff*, | **JURY TRIAL DEMANDED** |
| vs. | |
| PALMCO ENERGY P.A. LLC d/b/a INDRA ENERGY, a Pennsylvania Limited Liability Company, | |
| *Defendant*. _____/ | |

**AMENDED CLASS ACTION COMPLAINT**

1.  Plaintiff Mark Metzler brings this action against Defendant Palmco Energy P.A. LLC d/b/a Indra Energy, to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**NATURE OF THE ACTION**

2.  This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), arising from Defendant's knowing and willfully violations.

3.  To gain an advantage over its competitors and increase its revenue, Defendant engages in unsolicited telemarketing, with no regard for consumers' privacy rights.

4.  This case arises from Defendant's transmission of prerecorded messages to the cellular telephones of Plaintiff and others, promoting Defendant's services and goods.

5.  Defendant is an energy supply company. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process

6. Indeed, Palmco Energy P.A. LLC d/b/a Indra Energy has already been sued for alleged TCPA violations.[1]

7. Defendant knows or should know that its prerecorded calls are placed to non-consenting residential telephone subscribers. Ultimately, Defendant is responsible for verifying telephone number ownership and obtaining consent before placing prerecorded calls to residential telephone subscribers.

8. Defendant was, and is, aware that its unsolicited prerecorded calls were, and are, unauthorized as it fails to obtain prior express written consent before placing those calls to consumers. Ultimately, consumers are forced to bear the costs of receiving these unsolicited prerecorded calls.

9. By placing the unsolicited prerecorded calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasions of privacy that result from the sending and receipt of such prerecorded calls, a loss of value realized for the monies consumers paid to their carriers for the receipt of such prerecorded calls, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

10. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

---

[1] *See Stewart Abramson v. Palmco Energy P.A. LLC d/b/a Indra Energy*, Case 2:19-cv-01675-MJH

11. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

12. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Pennsylvania and, on information and belief, Defendant has sent the same calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Pennsylvania.

**PARTIES**

13. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Philadelphia County, Pennsylvania.

14. Defendant is a Pennsylvania corporation whose principal office is located at 1515 Market Street, Suite 1200, Philadelphia, PA 19102. Defendant directs, markets, and provides its business activities throughout the State of Pennsylvania.

## THE TCPA

15.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

16.     The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

17.     The TCPA exists to prevent communications like the ones described within this Complaint.  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

18.     In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice."  *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

19.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

21. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

22. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

23. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id.* (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

24. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

25.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

26.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

27.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

28.     As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## **FACTS**

29.     Indra Energy provides energy services to consumers.

30.     Indra Energy uses telemarketing to promote its products and solicit new clients.

31. These telemarketing efforts include the use of automated calls to send prerecorded messages.

32. The company engages in use of this equipment because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, or on an hourly basis, only talk to individuals who respond. Therefore, the Defendant shifts the burden of wasted time onto consumers.

33. Plaintiff Metzler is the registered account owner and regular user of the telephone number ending in 3278 (the "3278 Number").

34. On or about January 13, 2020, Plaintiff received an unsolicited, prerecorded phone call on his cellular telephone number from, or on behalf, of Defendant.

35. The initial call from number 111-111-111 was dropped but immediately after Plaintiff received another call from number 605-381-1440.

36. The January 13, 2020 call stated that Defendant was calling to offer Plaintiff discounted electricity and natural gas.

37. Plaintiff was connected with one of Defendant's telephone representatives.

38. The phone representative identified he was calling from Indra Energy and advised Plaintiff to go through the verification process with Indra and transferred Plaintiff to get the verification.

39. Plaintiff went through the verification process where he spoke to a prerecorded voice which identified it was calling from Indra and asked Plaintiff for his electricity billing account information, specifically his PECO information.

40. Further proving that Indra Energy was the source behind the original call to Plaintiff was the phone representing confirming to the Plaintiff that Indra Energy had his information on file.

41. Confirming the calls, the Plaintiff received a "welcome letter" from Indra Energy.

42. The prerecorded calls at issue were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

43. Defendant's prerecorded calls constitutes telemarketing because they encouraged the future purchase or investment in property, goods, and/or services, i.e., requesting that Plaintiff switch his gas and electric utility over to Defendant.

44. The prerecorded calls Plaintiff received originated from telephone numbers 111-111-111 and 605-381-1440, which are numbers owned and/or operated by or on behalf of Defendant.

45. Plaintiff received the subject calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other prerecorded calls to be sent to individuals residing within this judicial district.

46. At no point in time did Plaintiff provide Defendant with his express consent to be contacted with a prerecorded call.

47. Plaintiff is the subscriber and sole user of the 3278 Number and is financially responsible for phone service to the 3278 Number.

48. Plaintiff has been registered with the national do-not-call registry since 2010.

49. Defendant's prerecorded call was sent to a cellular telephone with a 215 area code, which means Defendant knew, or should have known, that it was making calls into this District.

The 215 area code primarily covers Philadelphia, Bucks, and Montgomery counties in Pennsylvania.

50. Defendant's unsolicited prerecorded call caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's prerecorded call also inconvenienced Plaintiff and caused disruption to his work-day as he received the prerecorded messages while at work. *See Patriotic Veterans, Inc. v. Zoeller,* No. 16- 2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

51. By placing the prerecorded calls as alleged herein, Defendant has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the prerecorded call disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

52. Defendant's voice message took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited voice messages like Defendant's poses a real risk of ultimately rendering the phone unusable for voice messaging purposes as a result of the phone's memory being taken up. *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that text message solicitations similar to the voice message sent by Defendant present a "triple threat" of identity theft, unwanted cell phone charges, and slower cell phone performance).

53. Defendant's voice message also can slow cell phone performance by taking up space on the recipient phone's memory. *See* https://www.consumer.ftc.gov/articles/0350-text-message-spam#text (finding that spam text messages, much like spam voice messages, can slow cell phone performance by taking up phone memory space).

## CLASS ALLEGATIONS

### PROPOSED CLASS

54. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

55. Plaintiff brings this case on behalf of a Class defined as follows:

> **No Consent Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a prerecorded message, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express written consent.**
>
> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a prerecorded message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

56. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

57. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

58. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

59. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made non-emergency prerecorded telemarketing calls to Plaintiff's and Class members' cellular telephones;
>
> (2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;
>
> (3) Whether Defendant's conduct was knowing and willful;
>
> (4) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (5) Whether Defendant should be enjoined from such conduct in the future.

60. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits automated or prerecorded calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

61. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

62. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

63. In addition, Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, including those involving violations of the TCPA. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have any interests adverse to those of the other members of the Class.

## **PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

64. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

65. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Class)**

66. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

67. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

68. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

69. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

70. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

71. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

72. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a

minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

73. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
(On Behalf of Plaintiffs and the Class)

74. Plaintiff re-allege and incorporates paragraphs 1-65 as if fully set forth herein.

75. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

76. Defendant knew that it did not have prior express consent to transmit artificial or prerecorded voice calls, and knew or should have known that its conduct was a violation of the TCPA.

77. Because Defendant knew or should have known that Plaintiffs and Class Members had not given prior express consent to receive its prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

78. As a result of Defendant's violations, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT III
## Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Do Not Call Registry Class)

79. Plaintiff repeats and realleges the paragraphs 1 through 65 of this Complaint and incorporates them by reference herein.

80. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

81. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[2]

82. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

83. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

84. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

85. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

86. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mark Metzler on behalf of himself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

Dated: March 23, 2020

/s/ Jonathan M. Jagher
Jonathan M. Jagher
Kimberly A. Justice
**FREED KANNER LONDON
& MILLEN LLC**
923 Fayette Street
Conshohocken, PA 19428
Telephone: (610) 234-6487
Facsimile: (224) 632-4521
jjagher@fklmlaw.com
kjustice@fklmlaw.com

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 1205
Miami, Florida 33132
Telephone: 305-479-2299
*(Pro hac vice forthcoming)*

**EDELSBERG LAW, PA**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
scott@edelsberglaw.com
20900 NE 30th Ave, Suite 417
Aventura, FL 33180
Telephone: 305-975-3320
*(Pro hac vice forthcoming)*

*Counsel for Plaintiff and the Class*

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mark Metzler

**DEFENDANTS**
Palmco Energy P.A. LLC d/b/a Indra Energy

**(b)** County of Residence of First Listed Plaintiff: Philadelphia, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan M. Jagher; Freed Kanner London & Millen LLC; 923 Fayette St. Conshohocken, PA 19428; 610-234-6486

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
|  |  |  | ☐ 864 SSID Title XVI |  |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 465 Other Immigration Actions |  |  |
|  |  / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |
|  | / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Section 227 et. seq.

Brief description of cause:
Defendants knowing and willful violation of the Telephone Consumer Protection Act.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/23/2020

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jonathan M. Jagher

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __8201 Henry Ave., Apt. D05, Philadelphia, PA 19128__

Address of Defendant: __1515 Market Street, Suite 1200, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Pennsylvania__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✔]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✔]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✔]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/23/2020__   __/S/ Jonathan M. Jagher__   __204721__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✔] All other Federal Question Cases
    *(Please specify):* __Telephone Consumer Protection Act__

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Jonathan M. Jagher__, counsel of record *or* pro se plaintiff, do hereby certify:

[ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✔] Relief other than monetary damages is sought.

DATE: __03/23/2020__   __/s/ Jonathan M. Jagher__   __204721__
                        *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Mark Metzler, | : | CIVIL ACTION |
| v. | : | |
| Palmco Energy P.A. LLC d/b/a Indra Energy | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( )

| 03/23/20 | /s/ Jonathan M. Jagher | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 234-6486 | (224) 632-4521 | jjagher@fklmlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02